T. M. Kennedy, Pros. Att'y.

W. C. Rogers and M. A. Foran, defendants' attorneys.

―――――◆‧◆――――

(Court of Common Pleas, Hamilton County.)

HENRY PFEIFFER v. HARRY R. GREEN

and MALCOLM G. DAVIES, a Justice

of the Peace in and for said County.

―――――

D, residing in Avondale, in Millcreek township, was elected a justice of the peace for said township; a part of that township, including Avondale, was annexed to Cin-

·cinnati township. Held, That D acquired, thereby, jurisdiction in civil cases in Cincinnati township.

SAYLER, J.

The plaintiff sets up that he is a resident ·of the city of Cincinnati, in the township ·of Cincinnati; that Malcolm G. Davies is a justice of the peace, elected an qualified ·and acting in said county; that he was commissioned within an for the township of Millcreek, on or·about May 7, 1895, and his commission and term of office will not expire· till May 7, 1898; that he was a resident of Avondale, being a part of said townsip; that on January1, 1896, the village of Avondale was annexed to the city of Cincinnati; that the territory and township lines of Cincinnati township corresponded with the territory and corporation lines of said city, and that on or about January 21, 1896, the territory and lines of Cincinnati township were extended so as to include and embrace the village of Avondale, and thereby annexed it to, and made it a part of Cincinnati township. That on January 29, 1896, the defendant Green began a suit before said Davies, a justice of the peace in and for Cincinnati township, against the plaintiff, on an account, and seeks to obtain a civil judgment against him on the same; that a summons as issued in said action and served on said Pfeiffer in the city of Cincinnati. That said Davies claims to have jurisdiction to adjudicate said suit. Plaintiff asks that said Green be restrained from prosecuting said action and said Davies from hearing or determining said cause.

The question at issue is: Does a justice ·of the peace, elected in ·nd for Millcreek township, and residing in the village of Avondale, become a justice of Cincinnati township by reason of the annexation of the portion of Millcreek township in which Avondale lies, to Cincinnati township.

Section 9, article 4, of the Constitution provides: "A competent number of justices of the peace shall be elected, by the electors, in each township in the several counties. Their term of office shall be three years, and their powers and duties shall be regulated by law."

I think it is the intent of the constitution that the justice shall hold office and exercise his judicial powers in the township within which he is elected. But shall such intent control in all cases, or may the legislature provide that a justice elected in one township can, under certain cirumstances, execute the duties of his office in another township?

By article 3, section 3, of the Constitution of 1802, it is provided that: "There shall be appointed in each county, not more than thee no less than two associate judges, who, during their continuance in office, shall reside therein.

The court held, in 11 Ohio, 511, under this provision that when the boundaries of a county are changed, and such· change places an associate judge wihin the limits of another county, he must remove into the limits of the county for which he was appointed, or forfeit his office."

Our present constitution provides, aricle 4, section 12, that, "the judges of the court of common pleas shall, while in office, reside in the district for which they are elected." Clearly, a common pleas judge could not be authorized by statute to reside in or exercise the powers of his office in another county; 11 Ohio, 511, 513.

But this is by reason of the express provision, not because it is an inherent principle of the constitution, that a judge, elected by one district, shall not exercise his office in another. Section 6, of article 4, provides for the election of the judges of the circuit court in circuits, but provides that, "each judge shall be competent to exercise his judicial powers in any circuit."

Now, it will be noticed that in section 9, article 4, no express provision is made as to the residence or as to the place the powers of the justice shall be exercised and the legislature has provided in section 582 of the Revised Statutes, that: "The jurisdiction of justices of the peace, in civil cases, unless otherwise directed by law, is limited to the township wherein they have been elected, and wherein they reside," and in section 568, that "if a part of any township is attached to any other township, the justices of the peace, residing in the limits of that part of the township so attached, as aforesaid, shall execute the duties of their office in the township to which the same is attached, in the same manner as if they had been elected for such township."

These enactments are clear, and it seems to me they are constitutional.

Section 621a (90 Ohio Laws, 294) provides that "hereafter there shall be not more than five justices of the peace" in Cincinnati township. But this provision seems to refer to the electirn of justics and was hardly intended to modify section 568. If by addition of territory more justices are brought into the township, the number would be reduced hy failure to elect as provided in section 621a.

I am of the opinion, therefore, that when that part of Millcreek township in which Avondale is located was attached to Cincinnati township, Malcolm G. Davies, as a justice of the peace, acquired jurisdiction, in civil cases, in Cincinnati township as it existed after such change of boundary lines, and may hear and adjudicate the said action.

The petition will be dismissed.

Edward Dempsey, attorney for plaintiff.

Miller Outcalt, attorney for defendants.